UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MISTY G. ABERNATHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:13-cv-0013 |
| ) | Chief Judge Haynes |
| ) | |
| TENNESSEE VALLEY RECYCLING, LLC, ) | |
| et al. ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Plaintiff, Misty G. Abernathy, a Tennessee citizen, filed this action originally in the Circuit Court for Giles County, Tennessee against the Defendants: Tennessee Valley Recycling, LLC ("TVR"), a Delaware corporation, and Larry D. Garner, a Tennessee citizen. Plaintiff's claims are that during her employment, Defendants discriminated against Plaintiff on the basis of her disability, unlawfully terminated her employment, and retaliated against Plaintiff for her refusal to engage in sexual conduct with Defendant Garner. Plaintiff seeks damages and equitable relief under Tennessee law.

Defendants removed this action to the Middle District of Tennessee under 28 U.S.C. § 1332, the federal diversity statute. (Docket Entry No. 1). In their removal notice, Defendants contend that Plaintiff fraudulently joined Defendant Garner in this action to preclude diversity jurisdiction. Defendants assert that after Defendant Garner's exclusion from this action there will be complete diversity between the parties.

Before the Court is Plaintiff's motion to remand this action to the Circuit Court of Giles

1

County, Tennessee, from which this action was originally removed. (Docket Entry No. 5). Plaintiff contends, in essence, that the Court lacks subject matter jurisdiction because there is not complete diversity between Plaintiff, a Tennessee citizen, and Defendant Garner, also a Tennessee citizen. In response, Defendant contends, in sum, that Plaintiff fraudulently joined Defendant Garner to avoid removal to federal court because Plaintiff does not allege any facts to establish any cause of action against Garner. (Docket Entry No. 7).

## A. Review of the Record

According to Plaintiff's complaint, Plaintiff alleges violations of Tennessee law, including: the Tennessee Human Rights Act, disability discrimination, hostile work environment, negligent and/or intentional infliction of emotional distress, sexual harassment, sexual assault, sexual battery, and/or retaliatory discharge allegedly suffered during her employment by Defendant TVR. Plaintiff's factual allegations are as follows:

9. Plaintiff, Misty G. Abernathy, became employed with TVR in the Fall of 2011.

10. During plaintiff's employment with defendants, at all relevant times herein, she was a safety and environmental coordinator.

11. On or about December 15, 2011, TVR's Facilities superintendent Garner, and plaintiff went to Nashville, Davidson County, Tennessee together in a company vehicle on TVR business.

12. On the return trip, defendant Garner was driving and plaintiff was in the front passenger seat.

13. Defendant Garner pulled off Interstate 65 South at an exit near Harding Place/Sidco Drive, Nashville, Davidson County Tennessee under the guise of obtaining nourishment at a Cracker Barrel Restaurant.

14. Plaintiff and Defendant Garner ate and then got back in the vehicle.

15. Rather than returning to Interstate 65 south for the return to Pulaski, Tennessee,

2

defendant Garner said he wanted to talk with plaintiff about some employment issues and he drove to a nearby LaQuinta Inn at 4311 Sidco Drive, Nashville, Tennessee 37204, exited the vehicle and went in to the motel lobby.

16. Plaintiff remained in the vehicle.

17. Defendant Garner returned to the vehicle and asked plaintiff to get out of the car and come with him as he wanted to talk with her.

18. Plaintiff and defendant Garner went in to the motel and into room 166.

19. Defendant Garner sat on the bed and plaintiff sat in a chair. Defendant Garner placed his hand on plaintiff's leg.

20. Defendant Garner tried to kiss Plaintiff.

21. Plaintiff pulled away, said she was not comfortable with defendant Garner in the motel room and went back to the vehicle. Defendant Garner followed her, got in the vehicle and the two returned to Pulaski with defendant Garner driving.

22. Plaintiff was visibly upset and quiet to defendant Garner on the drive to Pulaski, Tennessee.

23. In addition, defendant Garner on other occasions during plaintiff's employment with TVR would grope, rub, and touch plaintiff's body while at work, against plaintiff's consent and will.

24. In addition, defendant Garner would phone and text message plaintiff in a harassing, unwanted, and offensive manner.

25. On or about February 1, 2010 plaintiff suffered an injury to her left knee arising out of and in the course and scope of her employment with TVR while at the TVR facility in Pulaski, Tennessee.

26. On February 1, 2012, plaintiff completed a First Report of Injury form provided to her by defendant Garner on behalf of TVR.

27. Facilities superintendent Garner investigated the accident and faxed said first report to Tonya, a TVR Alabama facility.

28. On February 2, 2012, the day after Plaintiff gave facilities superintendent Garner and TVR notice of her work related injury she was given a letter signed by Solomon I. Miller, Chief Manager-Administration of TVR stating plaintiff was aware her position with TVR

had been eliminated as a result of her conversation with plaintiff on January 31, 2012, advising her that her position with TVR had been eliminated.

29. Garner did not have a conversation with plaintiff on January 31, 2012, advising her that her position with TVR had been eliminated.

30. Plaintiff suffered during her employment with TVR from depression, anxiety, and grief of which the defendants were aware.

31. Prior to plaintiff's work injury in February 1, 2011, plaintiff took several medications for her medical conditions, all of which had been prescribed under the supervision of her physicians. These medications were paid for by her but, had she been allowed to remain in the employment of TVR, she would have been eligible for health benefits through TVR's health insurance program later in 2012.

32. Plaintiff was terminated from her employment by TVR on or after February 2, 2012.

33. At all relevant time hereto, plaintiff was qualified for her former position in the employment of TVR.

34. Plaintiff was treated adversely as compared to other employees of the opposite sex and was terminated by defendant(s) without just cause.

35. Plaintiff was discharged by defendant(s) on the basis of her sex, in violation of Tennessee Human Rights Act, T.C.A. § 4-21-101, et. seq.

36. Any basis otherwise for the termination of plaintiff alleged by defendant(s) is pretextual and in violation of the state law.

37. This unlawful discharge has caused plaintiff to lose pay and other benefits of her employment, which has harmed plaintiff. Plaintiff seeks compensatory and punitive damages, equitable relief, pre-judgment interest, attorney fees and costs.

38. The plaintiff has a disability which impairs one or more major life activities.

39. The plaintiff has a record of such impairments.

40. Defendant(s) perceived plaintiff to have such impairments.

41. Defendant(s) terminated plaintiff's employment on the basis of her disabilities.

42. Defendant(s) discriminated against the plaintiff in that defendant(s) terminated plaintiff's employment on the basis of her disabilities and/or perceived disabilities in violation of

Employment of the Disabled, Discrimination Pohibited, T.C.A. § 8-50-103 et. seq.

43. This unlawful discharge has caused plaintiff to lose pay and other benefits of her employment which has harmed plaintiff. Plaintiff seeks compensatory and punitive damages, pre-judgment interest, attorney fees and costs.

44. Defendant(s) retaliated against the plaintiff for refusing to accept defendant's Garners sexual and repulsive advances as alleged above.

45. TVR provided a hostile work environment for plaintiff.

46. TVR allowed and provoked sexual harassment of plaintiff.

47. Garner's and TVR's actions as alleged herein constitute negligent and/or intentional infliction of emotional distress, which has damaged the plaintiff.

48. This unlawful retaliation and discharge of plaintiff has caused plaintiff to lose pay and other benefits of her employment, which has harmed plaintiff. Plaintiff seeks compensatory and punitive damages, pre-judgment interest, attorney fees and costs.

49. Plaintiff's request for worker's compensation benefits is a protected activity under the law.

50. The plaintiff's request for worker's compensation benefits was a substantial motivating factor in defendant(s)' discharge decision of plaintiff.

51. This unlawful retaliation and discharge of plaintiff has caused plaintiff to lost pay and other benefits of her employment, which has harmed the plaintiff. Plaintiff seeks compensatory and punitive damages, pre-judgment interest, attorney fees and costs.

52. The defendant(s) actions asserted herein were intentional and/or reckless.

53. In the alternative, the defendant(s) actions asserted herein were negligent.

(Docket Entry No. 1-1, Giles County Complaint).

## B. Conclusions of Law

The removal statutes, 28 U.S.C. § 1441 et seq. are subject to strict construction, Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941) and are "to be construed strictly, narrowly and against removal." Tech Hills II Assoc. v. Phoenix Home Life Mut. Ins. Co., 5 F.3d 963, 968 (6th

Cir.1993). Moreover, "[a]ll doubts as to the propriety of removal are resolved in favor of remand." Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir.1999). "The policy promotes comity and the 'rightful independence of state governments." Nasco, Inc. v. Norsworthy, 785 F. Supp. 707, 710 (M.D. Tenn. 1992) (quoting Healy v. Ratta, 292 U.S. 263, 279 (1934)). On a removal petition, the court is usually limited to an analysis of the complaint and the removal petition. See 14 C Wright & Miller, Federal Practice and Procedures § 3739, 472 (3d ed. 2007).

Here, the Defendants removed this action on the basis of diversity jurisdiction. An exception to the requirement of complete diversity for diversity jurisdiction is when a nondiverse defendant has been fraudulently joined. Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999) (citing Alexander Elec. Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994). If the district court determines that the joinder of the non-diverse defendant was fraudulent, then the action is properly in federal court on the basis of diversity jurisdiction. Coyne, 183 F.3d at 493.

"To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." Id. (citing Alexander, 13 F.3d at 949).

> [I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve 'all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non-removing party.' All doubts as to the propriety of removal are resolved in favor of remand.

Coyne, 183 F.3d at 493 (citing Alexander, 13 F.3d at 949). "The combination of the 'colorable' standard with the requirement that all ambiguities of state law are to be resolved in favor of the non-removing party presents a significant hurdle. A defendant attempting to prove fraudulent joinder thus faces a particularly heavy burden." Kent State Bd. Of Trs. v. Lexington Ins. Co., No. 13a0080n.06,

2013 U.S. App. Lexis 1533, *11 (6th Cir. Jan. 22, 2013).

### 1. Tennessee Human Rights Act Claim

As to Plaintiff's allegation under the Tennessee Human Rights Act, Defendants contend that "Plaintiff's complaint fails to allege that Garner encouraged TVR to 'engage in employment-related discrimination or prevented the employer from taking corrective action,' as is required to allege a cause of action against an individual for a violation of the THRA." (Docket Entry No. 7 at 4). Plaintiff contends that individual liability is allowed under the THRA and that Plaintiff's "complaint alleges that upon her opposition to Mr. Garner's sexual advances both defendants retaliated and discriminated against her." (Docket Entry No. 5-1 at 8).

The Court concludes that Plaintiff's complaint states a "colorable basis" for recovery against Defendant Garner under the Tennessee Human Rights Act. In Carr v. United Parcel Service, 955 S.W.2d 832 (Tenn. 1997), the Tennessee Supreme Court held that "an individual who aids, abets, incites, compels, or commands an employer to engage in employment-related discrimination has violated the THRA" based upon the plain language of the THRA, as follows:

> it is a discriminatory practice for a person or for two (2) or more persons to:
> . . .
> (2) Aid, abet, incite, compel or command a person to engage in any of the acts or practices declared discriminatory by this chapter;

Tenn. Code Ann. § 4-21-301(2) (1991 Repl.).

> A "person" is defined as "one (1) or more individuals, governments, corporations, legal representatives, partnerships, associations, corporations, legal representatives, partnerships, associations, . . . unincorporated organizations or other organized persons."

Tenn. Code Ann. § 4-21-102(14).

Federal courts in Tennessee have followed Carr and held that there is individual liability

7

under the THRA. In <u>Beadle v. Memphis City Schools</u>, No. 07-2719-STA-tmp, 2008 WL 4982715 (W.D. Tenn. Nov. 18, 2008), the district court noted that under Tennessee law "'individual liability can attached under the [THRA] for retaliation . . . pursuant to the plain language of Tenn. Code Ann. §§ 4-21-102 and 301.'" <u>Id.</u> at *7 (quoting <u>Emerson v. Oak Ridge Research, Inc.</u>, 187 S.W.3d 364, 376-77 (Tenn. Ct. App. 2005)); <u>see also</u> <u>Pigott v. Battle Ground Academy</u>, No. 3:11-cv-00764, 2012 WL 5565241, *12 (M.D. Tenn. Nov. 15, 2012) ("Furthermore, the retaliation claim against [Defendant] individually is cognizable under the THRA."); <u>Briody v. Chleo Foods Corp.</u>, No. 3:07-0295, 2008 WL 587503, at *12 (M.D. Tenn. Feb. 29, 2008) ("However, that argument neglects to consider T.C.A. § 4-21-301(1) which makes it unlawful for 'a person' to '[r]etaliate or discriminate in any manner against a person because such person has opposed a practice declared discriminatory by this chapter.' An individual can be liable for retaliation under this statute . . ."); and <u>Ricardi v. Venderbilt Univ. Med. Ctr.</u>, 2007 WL 2300421, at *28 (M.D. Tenn. Aug. 8, 2007) ("The THRA, unlike Title VII, permits retaliation claims against individual 'persons' and not merely against employers.").

Here, Plaintiff's complaint alleges that Garner attempted to induce Plaintiff into sexual conduct with him and that Defendants retaliated against her for refusing to accept Defendant Garner's sexual advances. In addition, under the THRA, there is individual liability for retaliation or discrimination in any manner. In evaluating the merits of Plaintiff's complaint the Court must construe any ambiguities of fact and law in Plaintiff's favor. Accordingly, the Court concludes that Plaintiff's complaint sufficiently presents a colorable claim under the THRA for retaliation and discrimination against Defendant Garner.

## 2. Intentional and/or Negligent Infliction of Emotional Distress Claim

Plaintiff contends that her complaint sufficiently alleges that Defendant Garner is liable under the either theory of negligent or intentional infliction of emotional distress because the facts alleged reflect that Defendant Garner knew of plaintiff's fragile mental state and still inflicted her to sexual harassment, causing her emotional distress. (Docket Entry No. 5-1 at 8). Defendant contends that Plaintiff fails to allege any "serious mental injury" as is required under Tennessee law for intentional infliction of emotional distress. (Docket Entry No. 7 at 6). Defendant also assert that Plaintiff fails to allege any causal connection between Defendant Garner's alleged actions and Plaintiff's emotional distress, causing her claim to fail. Id.

Under Tennessee law, the elements for establishing a claim of intentional infliction of emotional distress are:

(1) the conduct complained of must be intentional or reckless;

(2) it must be so outrageous that it is not tolerated by a civilized society, and

(3) it must result in serious mental injury.

Lyons v. Farmers Ins. Exchange, 26 S.W.3d 888, 893 (Tenn. Ct. App. 2000). In addition, the elements for establishing a claim of negligent infliction of emotional distress are:

(1) satisfy the five elements of ordinary negligence: duty, breach of duty, injury or loss, causation in fact, and proximate or legal cause;

(2) establish a 'serious' or 'severe' emotional injury; and

(3) support his or her serious or severe injury with expert medical or scientific proof.

Marla H. v. Knox Cnty., 361 S.W.3d 518, 529 (Tenn. Ct. App. 2011). Here, Plaintiff's complaint alleges "Mr. Garner's groping, rubbing, touching, and attempting to kiss Ms. Abernathy against her

will and consent." (Docket Entry No. 5-1 at 9). The allegation of Garner's attempts at coerced sexual conduct that caused Plaintiff to depression and anxiety are sufficient to state a colorable claim of either intentional or negligent infliction of emotional distress against the Defendant Garner.

### 3. Battery Claim

Plaintiff contends that "as the result of Mr. Garner's groping, rubbing, touching, and attempting to kiss Ms. Abernathy against her will and consent, she alleges battery against him." (Docket Entry No. 5-1 at 9). Defendants contend that Plaintiff's complaint fails to allege a prima facie showing of battery under Tennessee law because "Plaintiff does not point to anywhere in the Complaint where the elements were specifically alleged against Mr. Garner." (Docket Entry No. 7 at 6). Defendants assert that "[r]equiring Defendants to piece together every potential claim alleged by Plaintiff's shotgun approach to fact pleading demonstrates the fraudulent joinder of Mr. Garner here." Id. at 7.

Under Tennessee law, the tort of battery is defined as "'any intentional, unlawful and harmful (or offensive) contact by one person with the person of another.'" Dillingham v. Millsaps, 809 F. Supp. 2d 820, 855 (E.D. Tenn. 2011) (quoting Raines v. Showney's, Inc., 909 F. Supp. 1070, 1083 (E.D. Tenn. 1995)). "[O]ffensive contact" is "contact that infringes on a reasonable sense of personal dignity ordinarily respected in a civil society." Doe v. Mama Taori's Premium Pizza, No. M1998-00992-COA-R9-CV, 2001 WL 327906, *4 (Tenn. Ct. App. Jan 21, 2001). "To establish a claim for state-law battery in Tennessee, the plaintiff must show that the defendant, without privilege and by 'conscious and volitional act,' committed an unlawful, harmful, or offensive touching against the complaining party or its representative." Lee v. Metro. Gov't of Nashville & Davidson Cnty., 596 F.Supp.2d 1101, 1113-24 (M.D. Tenn. 2009) (citing City of Mason v. Banks, 581 S.W.2d 621, 626

(Tenn. 1979)).

> Here, Plaintiff alleges in her complaint that:
>
> 17. Defendant Garner returned to the vehicle and asked plaintiff to get out of the car and come with him as he wanted to talk with her.
>
> 18. Plaintiff and defendant Garner went in to the motel and into room 166.
>
> 19. Defendant Garner sat on the bed and plaintiff sat in a chair. Defendant Garner placed his hand on plaintiff's leg.
>
> 20 Defendant Garner tried to kiss Plaintiff.
>
> 21. Plaintiff pulled away, said she was not comfortable with defendant Garner in the motel room and went back to the vehicle. Defendant Garner followed her, got in the vehicle and the two returned to Pulaski with defendant Garner driving.
>
> 22. Plaintiff was visibly upset and quiet to defendant Garner on the drive to Pulaski, Tennessee.
>
> 23. In addition, defendant Garner on other occasions during plaintiff's employment with TVR would grope, rub, and touch plaintiff's body while at work, against plaintiff's consent and will.

(Docket Entry No. 1-1). The Court concludes that the allegation of Garner's touching of Plaintiff against her will and in an offensive sexual manner states a colorable claim of battery against the Defendant Garner under Tennessee law.

### 4. Attorneys' Fees

Plaintiff seeks attorneys' fees for the cost of this motion because Plaintiff contends that Defendants' notice of removal was facially deficient. (Docket Entry No. 5-1 at 9). Defendants assert that an award of attorneys' fees would be inappropriate because the Defendants removed this action on an objectively reasonable basis and '[c]ourts should generally decline to award attorney's fees unless the Court finds that 'removal was undertaken to prolong the litigation and increase costs.'"

(Docket Entry No. 7 at 8) (citing Hilgers-Luckey v. DePuy Orthopaedics, Inc., No. 3:11-dp-20387, 2012 WL 5830427, at *7 (N.D. Ohio Nov., 16, 2012) (citations omitted)).

The removal statute, 28 U.S.C. § 1447( c) provides, in part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "This language places an award of costs and attorney fees, . . . squarely within the discretion of the district court, but subject to the guidance set forth by the Supreme Court in Martin v. Franklin Capital Corp., 546 U.S. 132 (2005)." Warthman v. Genoa Twnshp. Bd. of Trustees, 549 F.3d 1055, 1059 (6th Cir. 2008). In Martin, the Supreme Court limited a district court's discretion to award fees, "absent unusual circumstances," to "only where the removing party lacked an objectively reasonable basis for seeking removal." 546 U.S. at 141. An award of fees is "inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least some finding of fault with the defendant's decision to remove." Warthman, 549 F.3d at 1059-60 (citations omitted). A plaintiff is not presumptively entitled to an award of attorneys' fees when removal was improper. Martin, 546 U.S. at 136.

Here, the Court concludes that the Defendants did not remove this action on an objectively reasonably basis. Given that Plaintiff's complaint clearly states claims against Garner under the THRA and for battery and negligent and/or intentional infliction of emotional distress. The Court concludes that Defendants lacked an objectively reasonable basis for seeking removal. The Court concludes that attorneys' fees are warranted for this motion.

### C. Conclusion

The Court concludes that Plaintiff states colorable claims against Defendant Garner under the THRA and for battery and negligent and/or intentional infliction of emotional distress. Thus,

removal of this action was inappropriate as Plaintiff's joinder of Defendant Garner was not fraudulent. This action should be remanded to the Circuit Court of Giles County, Tennessee.

An appropriate Order is filed herewith.

**ENTERED** this the ___ day of May, 2013.

                                           WILLIAM J. HAYNES, JR.
                                           Chief Judge
                                           United States District Court

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MISTY G. ABERNATHY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:13-cv-0013<br>Chief Judge Haynes |
| TENNESSEE VALLEY RECYCLING, LLC,<br>et al. | ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER

In accordance with the Memorandum filed herewith, Plaintiff's motion to remand this action to the Circuit Court for Giles County, Tennessee (Docket Entry No. 5) is **GRANTED** and Plaintiff is AWARDED attorneys' fees to be determined in accordance with Local Rules. The Court retains jurisdiction only to resolve the amount of attorneys' fees.

This action is otherwise remanded to the Circuit Court for Giles County, Tennessee.

It is so **ORDERED**.

**ENTERED** this the 7th day of May, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court