IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| MISTY G. ABERNATHY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13-00013 |
| | ) | JUDGE HAYNES |
| v. | ) | |
| | ) | |
| TENNESSEE VALLEY RECYCLING | ) | |
| LLC, and DWIGHT GARNER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff, Misty Abernathy, a Tennessee citizen, originally filed this action in the Circuit Court for Giles County, Tennessee, against Defendants, Tennessee Valley Recycling, LLC ("TVR"), a Delaware corporation, and Dwight Garner, a Tennessee citizen. Defendants removed this action to this Court under 28 U.S.C. § 1332, the federal diversity statute. (Docket Entry No. 1). Plaintiff filed a motion to remand this action to the Circuit Court of Giles County, Tennessee, and also requested attorneys' fees for Defendants' improper removal. (Docket Entry No. 5). The Court granted Plaintiff's motion and awarded Plaintiff attorneys' fees. (Docket Entry No. 10).

Before the Court is Defendants' motion for reconsideration of award of attorneys' fees (Docket Entry No. 12), contending that they relied on the objectively reasonable basis that Plaintiff fraudulently joined Garner as a defendant to defeat jurisdiction in removing this action because Plaintiff's complaint lacked clarity in delineating specific claims. Defendants further contend that there is not any evidence that Defendants' removal of this action was taken to prolong the litigation or increase costs. In response (Docket Entry No. 14), Plaintiff contends that Defendants have not presented any new evidence and are only reasserting the same arguments that were previously considered by the Court.

A party may seek to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) by filing a motion "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Such a motion is extraordinary and is seldom granted because it contradicts notions of finality and repose." Waiters v. City of Cleveland, 2009 WL 3063384, at *1. A court may grant a motion to alter or amend judgment only if there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Intera Corp. V. Henderson, 428 F.3d 605, 620 (6th Cir. 2005) (citing GenCorp, Inc. V. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999)). "Rule 59(e) motions are aimed at *re* consideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998) (emphasis in original) (quoting FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)).

Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may relieve a party from a final judgment, order or proceeding where the party shows:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"To be eligible for relief under 60(b)(1), a movant must demonstrate that he has a meritorious claim or defense, in addition to showing the existence of mistake, inadvertence, surprise, or excusable neglect." Brown v. White, No. 9603610, 1997 WL 570399 at *2 (6th Cir. Sept. 11, 1997). Rule

"60(b)(6) should be used only in exceptional or extraordinary circumstances and can be used only as a residual clause in cases which are not covered under the first five subsections of Rule 60(b)." Pierce v. United Mine Workers of America Welfare and Retirement Fund, 770 F.2d 449, 451 (6th Cir. 1985) (citations omitted). "[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" Ford Motor Co. V. Mustangs Unlimited, Inc., 487 F.3d 465, 468 (6th Cir. 2007) (citations omitted).

In granting Plaintiff's motion to remand and awarding attorneys' fees, the Court considered Defendants' assertion that they had an objectively reasonable basis for removing the action because on its face, the complaint did not clearly allege specific claims against Defendant Garner. The Court concluded that Plaintiff's complaint stated colorable claims against Defendant Garner under the Tennessee Human Rights Act ("THRA") and for battery and negligent and/or intentional infliction of emotional distress and thus, Defendants did not have an objectively reasonable basis for removal. (Docket Entry No. 9, Court's Memorandum at 12).

Defendants now contend that the lack of clarity in Plaintiff's complaint provided their basis for removal and that attorneys' fees should not be awarded because their action was not taken to prolong the litigation or increase costs. The appropriate standard to determine an award of attorneys' fees under 28 U.S.C. § 1447(c) is whether "the removing party lacked an objectively reasonable basis for seeking removal." See Martin v. Franklin, 546 U.S. 132, 141 (2005).

After reviewing its earlier ruling and both parties' filings on attorneys' fees, the Court concludes that Plaintiff alleges the Defendant Garner, Defendant TVR's superintendent, took Plaintiff to a motel room without a work justification and attempted to kiss Plaintiff, who refused Garner. Plaintiff also alleges that Defendant Garner, repeatedly "grope[d], rub[bed] and touch[ed]" Plaintiff's body while at work "against [P]laintiff's consent and will." (Docket Entry No. 1-1, Complaint at ¶ 23).

These factual allegations provide the clear factual basis for Plaintiff's claims of battery, i.e., "offensive contact" that infringed on Plaintiff's "reasonable sense of personal dignity." (Docket Entry No. 9, Memorandum at 10) (citation omitted). Defendant Garner's repeat sexual batteries as Defendant TVR's superintendent clearly state a THRA claim as well as an intentional infliction of emotional distress claim. The Court respectfully concludes that these factual allegations provided a plain and objective basis to name Defendant Garner as a defendant.

In their motion, Defendants fail to raise any valid grounds to amend or vacate the Court's judgement on attorneys' fees under either Rule 59(e) or Rule 60(b). Defendants do not demonstrate that a clear error of law or newly discovered evidence exists, an intervening change in controlling law has occurred, or that the granting of their motion would prevent manifest injustice. Nor do Defendants establish any of the criteria under Rule 60(b). Defendants are, in essence, rearguing their same contentions previously addressed by the Court where it concluded that Plaintiff's complaint sufficiently alleged colorable claims against Garner, providing notice to Defendants.

Accordingly, Defendants' motion to reconsider (Docket Entry No. 12) should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the ___23rd___ day of May, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court